# EXHIBIT A

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

February 6, 2019

Framatome Inc.
Steven Bullock Manager, Projects & Operations – Legal Department
Framatome Inc.
3315 Old Forest Road, OF-28
LYNCHBURG VA 24501

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

**Item: 2019-5**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Framatome Inc. |
| 2. | **Title of Action:** | Brenda Buccarelli, et al. vs. Framatome Inc., etc |
| 3. | **Document(s) Served:** | Civil Case Schedule Order<br>Complaint for Damages Employment Discrimination & Wrongful Discharge<br>Summons |
| 4. | **Court/Agency:** | Benton County Superior Court |
| 5. | **State Served:** | Washington |
| 6. | **Case Number:** | 19-2-00219-03 |
| 7. | **Case Type:** | Damages/Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 2/5/2019 |
| 10. | **Date to Client:** | Wednesday 2/06/2019 |
| 11. | **# Days When Answer Due:** 20<br>**Answer Due Date:** 2/25/2019 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Gilbert Law Firm, P.S.<br>Spokane, WA<br>509-321-0750 |
| 13. | **Shipped to Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 481 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**JOSIE DELVIN**
BENTON COUNTY CLERK

**01/25/2019**
**FILED**

## IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR BENTON COUNTY

| | |
|---|---|
| BRENDA BUCCARELLI; DINO BUCCARELLI<br>Plaintiff/Petitioner(s),<br>vs.<br>FRAMATOME INC<br>Defendant/Respondent(s). | No. 19-2-00219-03<br><br>**CIVIL CASE SCHEDULE ORDER (ORSCS)** |

### I.    SCHEDULE

**Week of: January 22, 2019**

| | DUE DATE |
|---|---|
| 1. Cancellation / Confirmation of Status Conference | April 22, 2019 |
| **2. Status Conference (Telephonic)** | **May 23, 2019** |
| 3. Plaintiff's Disclosure of Lay and Expert Witnesses | May 20, 2019 |
| 4. Defendant's Disclosure of Lay and Expert Witnesses | July 22, 2019 |
| 5. Last Date for Filing Statement of Arbitrability | August 5, 2019 |
| 6. Disclosure of Plaintiff's Rebuttal Witnesses | August 5, 2019 |
| 7. Disclosure of Defendant's Rebuttal Witnesses | August 19, 2019 |
| 8. Discovery Completed | November 4, 2019 |
| 9. Last Date for Filing Jury Demand | November 18, 2019 |
| 10. Settlement Position Statements filed by all parties | November 18, 2019 |
| 11. Last Date for Hearing Dispositive Pretrial Motions | December 9, 2019 |
| **12. Settlement Conference (In Person)** | **December 19, 2019** |
| 13. Last Date for Filing and Serving Trial Management Report | December 30, 2019 |
| **14. Pretrial Management Conference (In Person)** | **January 2, 2020** |
| 15. Trial Memoranda and Motions in Limine to be filed | December 30, 2019 |
| **16. Trial Date and Motions in Limine** | **January 27, 2020** |

### II.    ORDER

IT IS ORDERED that all parties comply with the foregoing schedule.

Dated this 25th day of January, 2019.

ALEX EKSTROM
SUPERIOR COURT JUDGE/COMMISSIONER

**JOSIE DELVIN**
BENTON COUNTY CLERK

**JAN 25 2019**

**FILED**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

| | |
|---|---|
| BRENDA BUCCARELLI and DINO BUCCARELLI, Husband and Wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>FRAMATOME INC., a foreign for-profit corporation, formerly named AREVA INC.<br><br>Defendant. | NO. **19 - 2 - 0 0 2 1 9 - 0 3**<br><br>COMPLAINT FOR DAMAGES EMPLOYMENT DISCRIMINATION & WRONGFUL DISCHARGE |

COMES NOW the Plaintiffs, BRENDA BUCCARELLI (hereinafter BRENDA) and DINO BUCCARELLI (hereinafter DINO) by and through their attorneys of record WILLIAM A. GILBERT and ASHLEY A. RICHARDS of GILBERT LAW FIRM, P.S., and allege and complain as follows:

## I.    PARTIES

1.1    Plaintiffs, BRENDA BUCCARELLI and DINO BUCCARELLI, are over the age of eighteen (18) years old and were at all times relevant hereto residents of Benton County, Washington.

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

1   1.2    Defendants, FRAMATOME INC., is a foreign for-profit corporation, previously
2  named AREVA INC., and is headquartered in Lynchburg, Virginia.    FRAMATOME INC.
3  (hereinafter FRAM) regularly conducts business in Richland, Washington, in the county of
4
5  Benton.

6              II.    **JURISDICTION AND VENUE**

7   2.2    Plaintiffs re-allege paragraphs 1.1 through 1.2 as though fully set forth herein.
8
9   2.3    Jurisdiction and Venue are proper because:
10              2.3.1   The amount in controversy exceeds the statutory minimum for this Court;
11              2.3.2   The Defendant has an office to transact business in Richland, Washington,
12                          regularly conducts business in Benton County, and the cause of action
13                          herein arose out of the employment practices of an employee at the Benton
14                          County location.

15              III.    **FACTS**

16   3.1    Plaintiffs re-allege paragraphs 1.1 through 2.3 as though fully set forth herein.
17
18   3.2    Plaintiff, BRENDA BUCCARELLI, was hired by Advanced Nuclear Fuels in
19  1988, as a security guard.   Advanced Nuclear Fuels was an entity of AREVA INC., now
20  FRAMATOME INC. (herein after "FRAM").

21   3.3    BRENDA BUCCARELLI worked for Advanced Nuclear Fuels from 1988 to
22  August 1993, as a security guard.   She left her employment in 1993 to deal with some personal
23  matters.

24   3.4    Advanced Nuclear Fuels guard force was a male dominated workforce.
25
26   3.5    While working for Advanced Nuclear Fuels between 1988 and 1993, BRENDA
27  had some difficulty with a co-worker, Terry Shedd.   At one point, Terry became enraged, doubled

28  COMPLAINT FOR WRONGFUL TERMINATION
     PAGE 2 OF 15

                                          **GILBERT LAW FIRM, P.S.**
                                          421 W. Riverside, Ste 353
                                          Spokane, WA 99201
                                          (509) 321-0750 / FAX (509) 343-3315

up his fist, got in her face and called her a "dumb fucking cunt". His rage was such that he was spitting in her face as he screamed at her. BRENDA was terrified. She reported the incident to her manager, Ray Vaughn. Nothing was done to address the situation. The incident was the beginning of a long road of failures on the part of her employer to protect her from the male dominated work force.

3.6    In 1998, BRENDA came back to work for the defendant in the capacity of security guard.

3.7    In 2001, BRENDA began having problems with Terry Shed again. This time, he was her supervisor. The behavior involved aggressive, unwanted sexual advances. BRENDA reported the unwanted behavior to human resources (HR) per company policy. Despite repeated reports, no action was taken to curb the behavior of Terry Shedd.    This increased BRENDA's anxiety in respect to reporting incidents of misconduct.

3.8    At some point, BRENDA spoke with a newly hired HR employee, Norwood Morrison. She told Morrison about Terry Shedd's unabated conduct. The day after this report, BRENDA'S manager, Bob Freeman, required BRENDA to undergo a fitness for duty exam by the company psychologist, Dr. Dan Lowe. BRENDA was found fit for duty. Shedd's conduct was ignored. This reinforced for BRENDA that the male dominated management at FRAM was not going to protect her -- and that if she reported, she was risking her career.

3.9    Between 2001 and 2003, Shedd's conduct continued unabated.

3.10    By the spring of 2003, Shedd's conduct had escalated. BRENDA again reported what she perceived to be a hostile work environment. This time she went directly to company managers, Tom Probasco and Don Parker. Once again, no steps were taken to protect BRENDA and put a stop to the hostile behavior. In fact, things got worse for BRENDA.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 3 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

3.11    Following the complaint to Probasco and Parker, Shedd's harassment escalated. He began to intentionally interfere with BRENDA's work schedule, sick / comp time, and vacation.

3.12    Finally, in July, 2004, after numerous complaints, the company told BRENDA they were going to work on the problem.  The solution was to require BRENDA to attend *couples* counseling with Terry Shedd.  The counseling was conducted by the company psychologist, Dr. Dan Lowe.  She was told it was to work through the difficulties they were having.  It was the company's solution to the discrimination and retaliation BRENDA reported receiving from Terry Shedd.  It changed nothing.

3.13    BRENDA continued to have problems with Terry Shedd.  He continued to shun her, and use vacation and scheduling as a retaliation mechanism.

3.14    BRENDA continued to experience disparate treatment compared to the other employees.  HR ignored her pleas for help to the point that at some point, she gave up.  During this period, she just absorbed the punishment and tried to ignore it – and did not document the ongoing problems.  Her hope was, if she did this, they would tire of harassing her and things would get better – things did not get better.

3.15    As an other example of the ongoing misconduct and failure on the part of the Company to intervene, BRENDA reported an incident where a male employee arrived at work acting strangely.  BRENDA believed he was intoxicated.  The male employee was picking on guards and saying crude things.  He then grabbed BRENDA's butt, and pulling her into his groin area. This terrified BRENDA. Following BRENDA's report to her supervisor, the male employee was required to enter into a two-week detoxification program.  As far as BRENDA knows, he was not disciplined.  When the male employee returned to work he retaliated against BRENDA. When she reported her concerns in this regard they were ignored.

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

3.17    After reporting the male employee for being intoxicated on duty and grabbing her butt, the harassment escalated with several of the male guards.  She again reported concerns with HR.  Again nothing was done; and the hostile environment continued.

3.18    Another example of the ongoing harassment / bullying that bothered BRENDA resulted from male guards using the woman's guard restroom and defecating and urinating all over the toilet and wiping urine and feces on the toilet lid.   BRENDA confronted the guards and they just laughed in her face. BRENDA reported the issue.

3.19    In approximately June, 2013 BRENDA began finding pornography on the guard station computers.  She reported this.  This time, management investigated.  It was determined to be guard, Austin Slater, that was viewing the pornography on shift, and he was suspended for 7 days without pay.  When he arrived back to work, Austin initiated a mass retaliation effort with the male guards.  He, and other guards would intentionally ignore her radio calls, mock her, and routinely go out of their way to make her job more difficult. They wanted her to leave. BRENDA reported the issues.  Nothing was done.

3.20    In September 2013, BRENDA again found pornography on the guard station computer.  In fear of further retaliation, she made the decision to delete it and not say anything. The long-term retaliation and bullying was having its desired effect on BRENDA's psyche. BRENDA later felt guilty about deleting the porn and not telling her manager – so she reported it. Instead of going after the perpetrators, her supervisor, Sylvester Nunez, reprimanded her for deleting the porn. Nothing was done to investigate the discriminatory conduct toward BRENDA. Guards continued to mock her, not answer her radio calls and make her job more difficult, and dangerous.

3.21    The retaliatory and discriminatory behavior continued through 2013.  The male guards were persistently mistreating BRENDA.  They refused to respond to her radio calls, and

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 5 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

made her ability to properly perform her job function very difficult, and dangerous. Her supervisor did nothing to stop the harassment and retaliation. BRENDA was repeatedly told by male guards that she should quit her job. They did not want her on the crew.

3.22    After repeated problems with the male guards intentionally making disgusting messes in the woman's guard bathroom, BRENDA again reported the conduct to Tari Gilliam in HR. She also reported the issues she was having with the male guards not responding to her radio calls and mocking her. The male guards were told BRENDA had complained, and told not to use the woman's guard restroom or they may be fired.

3.23    The guards retaliated. One of the guards told her she *had it coming, and deserved what she got*. BRENDA responded angerly that she hadn't asked someone to leave urine and feces on her seat in the bathroom; and didn't ask for someone to leave porn on her computer; and didn't ask for someone to come to work drunk and grope her.

3.24    BRENDA was verbally reprimanded for speaking out. Nothing was done to investigate and/or correct the behavior of the male guards.

3.25    The hostile environment continued unabated.

3.26    In approximately April, 2017, BRENDA, someone etched the word "FUC" into the lenses of BRENDA's pink safety glasses. BRENDA was the only female employed in that department, and the only guard that wore pink safety glasses. BRENDA immediately attempted to notify HR and her supervisor, but neither HR, nor her supervisor responded.

3.27    BRENDA located FRAM manager, Cal Manning and reported the incident. She also reported the continuing retaliation. Mr. Manning turned the matter over to Theresa Whitcomb in HR, and BRENDA was told an investigation would be conducted. The guards retaliated.

3.28    On or around May 18, 2017, BRENDA again went to HR for help after she was publicly singled out by her supervisor for what was erroneously perceived to be a mistake.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 6 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

BRENDA reported to Theresa Whitcomb, in HR, that it was inappropriate for Sylvester to single her out and post her name publicly with his negative comments. HR did nothing.

    3.29   By July, 2017, guards were regularly harassing BRENDA, and mocking her about her report regarding someone etching FUC into her safety glasses.

    3.30   Concerned about the discrimination and bullying BRENDA was experiencing, BRENDA's husband, Dino, went to Tim Tate (BRENDA's manager) in July, 2017 and pushed him to do something.

    3.31   On July 28, 2017, BRENDA was called into the HR office to discuss ongoing problems. This meeting was called nearly four (4) months after reporting the incident with her safety glasses, and after repeated reports about retaliation and bullying ... but within a week of her husband getting involved.

    3.32   When she arrived for the meeting, BRENDA found Theresa Whitcomb and Sylvester Nunez waiting for her. BRENDA asked if she should secure her weapon – pursuant to policy. Both Theresa and Sylvester informed her there was no need to put her gun away. They relayed they weren't worried about BRENDA. Sylvester told her just to lay it on the floor. Always the rules follower, BRENDA asked if she could secure her gear verses laying it on the floor. Sylvester told her again to just put her belt on the floor.

    3.33   She was informed the meeting was called to discuss the investigation into someone scratching "FUC" into her safety glasses. BRENDA was told the investigation took so long because of scheduling conflicts. Theresa said all the guards were interviewed, and they all expressed shock that someone would do such a thing. Theresa took them at face value and determined the investigation to be closed, and the complaint would remain unresolved.

    3.34   Theresa went on to tell BRENDA the guards had reported she was a good worker, and that she did her job well. Theresa told BRENDA that unless someone admitted to doing this,

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 7 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

she couldn't do anything about it. BRENDA expressed frustration over this, as she communicated to Theresa that of course no one was going to admit to this. She wanted to know what was going to be done to assure this type of behavior stopped.

3.35    Theresa showed BRENDA a paper signed by all the guards that reportedly meant they would comply with policies. She told BRENDA to sign the paper as well, so that it would remind everyone of the company's expectations regarding workplace behavior. This was not the first time the company had responded to her concerns with this "contract mentality".

3.36    BRENDA was frustrated, and let Theresa know that the security guards had signed papers before regarding behavior, sexual harassment conduct, pornography, drinking / drugs on duty, but that it never stopped the behavior. BRENDA told Theresa she had repeatedly reported sexual discrimination, harassment, bullying and retaliation, and the company never did anything to protect her. She was always told several times not to be a victim; in other words the response from FRAM management when she complained of harassment, bullying, and retaliation was basically, "suck it up Buttercup."

3.37    BRENDA told Theresa and Sylvester she did not feel safe. Theresa told her she was there to protect BRENDA. BRENDA told Theresa that HR had done nothing to this point that would show anyone that it intended to protect BRENDA, or anyone else, other than the company, for that matter.

3.38    At the close of the meeting, Theresa told BRENDA to take the rest of the day off. BRENDA didn't want to leave the shift shorthanded because she felt it wouldn't be right. Theresa confronted BRENDA about quitting her job – wondering why BRENDA stuck around if she was so unhappy. BRENDA explained that she was with FRAM because it had been her entire career; and she was frustrated that she should have to leave a good paying job at age 53 just because the company didn't want to make her work environment fair and tolerable.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 8 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

3.39   BRENDA got up, put on her duty belt, and turned to leave.  Before she left, she asked Theresa and Sylvester how they would feel if every morning when they got ready for work they had to worry about what mean or evil thing was going to happen to them that day.  How they would feel if every time they asked for help, they were ignored.  She went on to confront the two managers about her protections under the law.  She expressed her anger that no one was doing anything to stop the behavior that had been ongoing for years. Theresa and Sylvester said nothing. BRENDA left the meeting, went to the guard station, took off her equipment, and went home.

3.40   On Sunday, July 30, 2017, Theresa and Sylvester called BRENDA around 6:00 pm before starting the new work week, and the told BRENDA she needed to take some time off and they would call her when she could return back to work. Theresa said she was not in trouble, but in light of what happened Friday, she wanted BRENDA to take some time off.  BRENDA was told not to talk to anyone at work, and again stated she was not in trouble. BRENDA was told she would be paid while she was off.  BRENDA was under the impression Theresa was going to actually conduct an investigation.

3.41   On Thursday, August 3, 2017, BRENDA had still not heard from Theresa or Sylvester regarding her return to work.  BRENDA contacted Theresa.  Theresa told her she did not have an answer for her.

3.42   While she had Theresa on the phone, BRENDA expressed to Theresa some suggestions regarding how to deal with the problem with the male dominated guard force. BRENDA also told Theresa she should be compensated for all the mental anguish and pain & suffering that she had gone through as a result of the years of abuse that FRAM did nothing about. She also expressed concern about insurance if she were terminated as a result of her speaking out about the harassment and retaliation. Later that day, BRENDA was contacted by Theresa and Sylvester. She was informed that she had been terminated.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 9 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

3.43    After she was terminated, the harassment continued in the private sector. Male guards sent her derogatory text messages, and shunned her in public, the company informed her husband that Benda was prohibited from attending any company functions with her husband, including her husband's 20-year employment celebration with the company.

3.44    Being terminated was life-changing for BRENDA. Her job was all she had ever really known in respect to employment. It partially defined who she was as a person. Being a rules follower, who believed strongly in loyalty and doing the right thing, she was crushed when she was fired for trying to do things right. She felt completely betrayed.

3.45    After being fired, BRENDA spun out mentally and emotionally. For over a year, she could not even go out in public without having an anxiety attack. She avoided unemployment because she did not feel fit to work. Choosing instead to suffer in silence, hoping that she would get better. Ultimately, she had to seek professional help to work on the emotional aspect of the betrayal response.  She remains unemployed – and may be unemployable for the indeterminate future.

3.46    As a result of the many years of hostile treatment, sexual discrimination, harassment, retaliation, and the failure of the company to protect BRENDA BUCCARELLI, as set forth herein above, BRENDA has suffered, and continues to suffer from extreme emotional distress, economic loss, and loss of enjoyment of life. FRAMATOME INC. is now liable for the damages and injuries suffered by BRENDA BUCCARELLI as a result of their failure to protect her from the ongoing harassment, discrimination, and retaliation, and for her illegal termination.

## IV.    CAUSES OF ACTION FOR VIOLATION OF RCW 49.60

4.1    Plaintiff re-alleges paragraphs 1.1 through 3.46 as though fully set forth herein.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 10 OF 15

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

4.2     The acts or omissions of the Defendants as set forth herein constitute violations of the Washington State Law Against Discrimination; specifically, limitation:

       4.2.1    Sex discrimination;

       4.2.2    Age discrimination;

       4.2.3    Disability discrimination;

       4.2.4    Retaliation.

4.3     As a direct and proximate result of defendant's conduct, Plaintiff has suffered economic and noneconomic damages to be proven at the time of trial.

## V.    CAUSE OF ACTION FOR NEGLIGENCE

5.1     Plaintiff re-alleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2     FRAM owed a duty to Plaintiffs to properly train, supervise and retain its employees in a competent manner so as to prevent discriminatory acts, and other foreseeable harm in the workplace; and to properly investigate allegations of discrimination/harassment.

5.3     FRAM breach the aforementioned duties by, without limitation, failing to properly train, supervise, and retain employees, and failing to properly investigate, and respond too, claims of discrimination, harassment and retaliation.

5.4     As a direct and proximate result of the breach of FRAM's duties owed, Plaintiff BRENDA BUCCARELLI suffered injuries and damages in an amount to be fully set forth at trial.

5.5     As a result of the breach of FRAM's duties owed, Plaintiff DINO BUCCARELLI suffered loss of consortium damages.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 11 OF 15

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

5.6    FRAM is liable for the damages sustained by BRENDA and DINO BUCCARELLI as a result of the breach of its duty owed and damages caused thereby.

## VI.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6.1    Plaintiff re-alleges paragraphs 1.1 through 5.6 as though fully set forth herein.

6.2    FRAM had a duty not to engage in activity which would cause PLAINTIFF, BRENDA BUCCARELLI, undue emotional stress.

6.3    FRAM breached this duty by, without limitation, engaging in, allowing, or failing to encouraging harassing and retaliating conduct against BRENDA BUCCARELLI, and terminating BRENDA BUCCARELLI's employment.

6.4    It was foreseeable that the conduct of FRAM's employees or agents would result in severe emotional distress for BRENDA BUCCARELLI.

6.5    FRAM was on actual notice that its conduct was causing BRENDA BUCCARELLI to suffer severe emotional distress.

6.6    As a result of the negligent acts of FRAM, by and through its employees or agents, BRENDA BUCCARELLI suffered actual, and severe emotional distress.

6.7    As a result of the severe emotional distress caused by the negligent acts of FRAM, Plaintiff DINO BUCCARELLI sustained loss of consortium damages.

6.8    FRAM is liable for the damages sustained by BRENDA and DINO BUCCARELLI as a result of the breach of its duty owed, and infliction of emotional distress caused thereby.

//

//

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

## VII.    CAUSE OF ACTION FOR INTENTIONAL INFLICTION

## OF EMOTIONAL DISTRESS (OUTRAGE)

7.1     Plaintiff re-alleges paragraphs 1.1 through 6.8 as though fully set forth herein.

7.2     A "person" engages in outrage when, through extreme or outrageous conduct, it intentionally or recklessly inflicts emotional distress on another person and that person in turn experiences severe emotional distress.

7.3     The Defendant, FRAM, individually, jointly, and by and through employees or agents, intentionally or recklessly inflicted emotional distress on BRENDA BUCCARELLI through extreme or outrageous conduct as described herein above. BRENDA BUCCARELLI experienced severe emotional distress as a direct and proximate result of the Defendants' conduct.  BRENDA BUCCARELLI emotional distress has been manifested by objective symptoms of mental and emotional suffering.  BRENDA BUCCARELLI's reaction to the Defendants' conduct as described herein is the reaction of a normal constituted person to such conduct.

7.4     FRAM is now liable for the harm cause as a result of their extreme or outrageous conduct, intentionally or recklessly inflicting emotional distress upon BRENDA BUCCARELLI.

## VIII.   CAUSE OF ACTION FOR VIOLAITON OF THE WASHINGTON EQUAL

## PAY OPPORTUNITY ACT

8.1     Plaintiff re-alleges paragraphs 1.1 through 7.4 as though fully set forth herein.

8.2     BRENDA BUCCARELLI had been employed as a security guard for 24 years with FRAM, or its predecessor company.

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 13 OF 15

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

8.3    BRENDA BUCCARELLI was one of only a handful of female employees employed by FRAM as security guards at the FRAM Richland Washington nuclear fuel facility.

8.4    Female guards performed the same work, with the same responsibility requiring similar skill, effort, and responsibility, performed under similar working conditions as male security guards.

8.5    Because BRENDA BUCCARELLI was a female she was limited in career advancement opportunities, and suffered discriminatory income desperately.

8.6    BRENDA BUCCARELLI's total compensation package was not equivalent with similarly situated male employees.

8.7    The differential in compensation was not based in good faith on a bona fide job-related factor.

8.8    Each of the above constitutes a violation of RCW 49.58.010 et. seq.

8.9    As a result of FRAM's violation of RCW 49.58.010 et. seq, BRENDA BUCCARELLI has suffered economic and emotional damages, attorneys' fees and litigation costs in an amount to be determined at trial.

8.10    FRAM is now liable for the damages incurred as a result of its employees or agents' violation of the Washington Equal Pay Opportunity Act.

## IX.    **VICARIOUS LIABILITY**

9.1    Plaintiff re-alleges paragraphs 1.1 through 8.10 as though fully set forth herein.

9.2    Defendant, FRAM, is liable for the negligent acts or omissions of its employees through the doctrine of Respondeat Superior.

//

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

## X.   **LOSS OF CONSORTIUM**

10.1   Plaintiffs re-allege paragraphs 1.1 through 9.2 as though fully set forth herein.

10.2   As a direct and proximate result of the negligence of the Defendant, as set forth hereinabove, Plaintiff, DINO BUCCARELLI, has suffered a loss of love, affection, and consortium.

10.3   Plaintiff, DINO BUCCARELLI, is thereby damaged and entitled to compensation for those damages.

## XI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court order the following relief and remedies:

11.1   Actual damages, compensatory, economic and noneconomic damages;

11.2   Attorneys' fees, costs, liquidated damages, and any other relief available pursuant to RCW 49.60.030; 49.58.070, and any other applicable state and federal law;

11.3   Injunctive Relief - RCW 49.60.030; 49.58.070;

11.4   Prejudgment interest;

11.5   Such other and further relief as the court deems just, equitable and proper;

Plaintiff further reserves the right to amend this complaint and causes of action against the Defendants based upon further discovery and determination of all factual and legal issues arising from the negligent acts of the Defendants.

SIGNED this _20_ day of December, 2018.

GILBERT LAW FIRM, P.S.

William A. Gilbert, WSBA #30592
Ashley A. Richards, WSBA# 33047
Attorney for Plaintiffs

COMPLAINT FOR WRONGFUL TERMINATION
PAGE 15 OF 15

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750 / FAX (509) 343-3315

JOSIE DELVIN
BENTON COUNTY CLERK

JAN 25 2019

FILED

1

2

3

4

5

6

THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7

IN AND FOR THE COUNTY OF BENTON

8

| BRENDA BUCCARELLI and DINO BUCCARELLI, Husband and Wife and the marital community composed thereof, | NO. **19-2-00219-03** |
|---|---|
| Plaintiffs, | SUMMONS (20-days) |
| v. | |
| FRAMATOME INC., a foreign for-profit corporation, formerly named AREVA INC. | |
| Defendant. | |

9

10

11

12

13

14

15

16

TO THE DEFENDANT:       FRAMATOME INC.,

A lawsuit has been started against you in the above entitled court by BRENDA

17

BUCCARELLI and DINO BUCCARELLI, plaintiffs.  Plaintiffs' claims are stated in the written

18

Complaint, a copy of which is served upon you with this Summons.

19

In order to defend against this lawsuit, you must respond to the Complaint by stating your

20

defense in writing, and by serving a copy upon the person signing this Summons within twenty

21

(20) days after the service of this Summons, or within sixty (60) days if served outside the state

22

of Washington, excluding the day of service, or a default judgment may be entered against you

23

SUMMONS - Page 1 of 2

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste. 353
Spokane, WA 99201
Tel:  (509) 321-0750 Fax: (509) 343-3315

1   without notice. A default judgment is one where plaintiffs are entitled to what they ask for

2   because you have not responded.  If you serve a Notice of Appearance on the undersigned

3   person, you are entitled to notice before default judgment may be entered.

4       You may demand that the plaintiffs file this lawsuit with the Court.  If you do so, the

5   demand must be in writing and must be served upon the person signing this Summons.  Within

6   fourteen (14) days after you serve the Demand, the plaintiffs must file this lawsuit with the court,

7   or the service on you of this Summons and Complaint will be void.

8       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

9   that your written response, if any, may be served on time.

10      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

11  of Washington.

12      DATED this _20_ day of December, 2018.

13                                  GILBERT LAW FIRM, P.S.

14

15                                  _____
                                    William A. Gilbert, WSBA # 30592
16                                  Ashley A. Richards, WSBA# 33047
                                    Attorney for Plaintiffs
17

18

19

20

21

22

23

SUMMONS - Page 2 of 2                          GILBERT LAW FIRM, P.S.
                                               421 W. Riverside, Ste. 353
                                               Spokane, WA 99201
                                   Tel:  (509) 321-0750 Fax: (509) 343-3315

FEB 0 5 2019

JOSIE DELVIN
BENTON COUNTY CLERK

FEB 14 2019

FILED

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF BENTON

BRENDA BUCCARELLI and DINO
BUCCARELLI, husband and wife and the
marital community composed thereof,

               Plaintiff,

vs.

FRAMATOME INC., a foreign for-profit
corporation, formerly named AREVA INC.

               Defendant.

No. 19-2-00219-03

**NOTICE OF APPEARANCE**

TO   :    Brenda Buccarelli and Dino Buccarelli, Plaintiffs;
TO   :    William A. Gilbert and Ashley A Richards, your attorneys:

     YOU AND EACH OF YOU, will please take notice that the Defendant, Framatome

Inc., hereby enters its appearance in the above-mentioned action and requests that all further

pleadings and papers (except process) be served upon its attorneys, the undersigned, at the

address below stated.

NOTICE OF APPEARANCE - 1

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE SUITE 1200,
SPOKANE, WA 99201 PHONE (509) 455-6000
FAX (509) 838-0007

1

2

DATED this 8th day of February 2019.

3

4    PAINE HAMBLEN LLP

5

By:_____

6    JAMES M. KALAMON WSBA No.7922
PAUL S. STEWART WSBA No. 45469

7    Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF APPEARANCE - 2

26    *PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE SUITE 1200,

27    SPOKANE, WA 99201 PHONE (509) 455-6000
FAX (509) 838-0007

28

1

2                          **CERTIFICATE OF SERVICE**

3          I HEREBY CERTIFY that on the 8th day of February 2019, I caused to be served a

4    true and correct copy of the foregoing document to the following:

5

6    | _____ HAND DELIVERY | Gilbert Law Firm, P.S. |
     | ✓ U.S. MAIL | William A. Gilbert |
7    | _____ OVERNIGHT MAIL | Ashley A. Richards |
     | _____ FAX TRANSMISSION | 421 W. Riverside, Suite 353 |
8    | ✓ EMAIL | Spokane, WA 99201 |

9

10

11

12

13                          JAMES M. KALAMON

14

15   I:\SPODOCS\40777\00003\PLEAD\1782543

16

17

18

19

20

21

22

23

24

25   NOTICE OF APPEARANCE - 3

26                                                  *PAINE HAMBLEN LLP*
                                              717 WEST SPRAGUE AVENUE SUITE 1200,
27                                          SPOKANE, WA 99201 PHONE (509) 455-6000
                                                          FAX (509) 838-0007
28